**In re NORTH STAR CONTRACTING CORP., Debtor.**

**NORTH STAR CONTRACTING CORP., Plaintiff–Appellee,**

v.

**William T. McSPEDON, Defendant–Appellant.**

**No. 91 Civ. 0148 (VLB).**

United States District Court, S.D. New York.

March 17, 1991.

David H. Wander, Angel & Frankel, P.C., New York City, for plaintiff.

Leslie Trager, Snow Becker Krauss P.C., New York City, for defendant.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Defendant–Appellant William T. McSpedon appeals from a September 13, 1990 order of Judge Howard Schwartzberg

which enjoined him from taking any action in connection with the prosecution of his state court action against Mr. Lovece and declared that his state court action is in violation of the automatic stay provisions of 11 U.S.C. § 362(a).

## I. *Factual Summary*

In March 1987, McSpedon left North Star Electrical Contracting (the "company"). North Star Contracting Corporation ("North Star") owns 75% of the company, and McSpedon owns the remaining 25%. As part owner of the company, McSpedon brought a dissolution proceeding pursuant to the New York State Business Corporation Law.

The parties decided that McSpedon would terminate his dissolution proceeding and North Star would guarantee any judgment McSpedon obtained with respect to the value of his shares in the company. In June of 1987 the parties executed a stipulation which set forth this agreement.

In July of 1989 the New York State Supreme Court found that the value of McSpedon's shares in the company equalled approximately $2.5 million. Before a judgment was entered, North Star filed for protection under Chapter 11 of the Bankruptcy Code. Judge Schwartzberg allowed a judgment to be entered in the state court dissolution proceeding but disallowed any other further action.

One year later, McSpedon commenced a state action against Mr. Joseph Lovece, the president of North Star. The complaint alleged that Lovece misrepresented to McSpedon during June and July of 1987 that North Star was a viable entity capable of paying any reasonably expected valuation judgment; and that at the time Mr. Lovece made this misrepresentation he knew and intended that North Star would not pay McSpedon the value of his shares in the company.

On September 13, 1990 Judge Schwartzberg issued an order granting North Star's request for a preliminary injunction, on the ground that McSpedon's state court action against Mr. Lovece violated the automatic stay provisions of 11 U.S.C. § 362(a).

McSpedon filed a motion for leave to appeal from Judge Schwartzberg's order. On November 30, 1990, I granted McSpedon's motion.

## II. *Findings of Fact by Judge Schwartzberg*

During the August 8, 1990 evidentiary hearing, Judge Schwartzberg recognized that "an action against an officer in his personal capacity is a third party [sic] and is not in any way stayed because of the fact the automatic stay protects the debtor; generally." He stated that, "it would seem that the relief sought by the debtor would not have a basis here." However, Judge Schwartzberg found that "the facts in this case indicate that what Mr. McSpedon, as plaintiff, seeks to recover is really in effect his claim of 2.5 million dollars which has to be paid by the debtor." Judge Schwartzberg pointed out that "if the plaintiff [McSpedon] is able to recover from the officer and president, Mr. Lovece, who acted on behalf of the debtor in that action, in effect the recovery will come from the debtor because the debtor is required to indemnify its officers for actions taken in pursuit of their performance as officers and directors of the corporation." According to Judge Schwartzberg, "this is really indirectly a suit against the debtor which the plaintiff cannot do directly."

## III. *Parties' Arguments*

### A. McSpedon's Position

McSpedon relies upon case law which states that stays pursuant to § 362(a) are limited generally to debtors. *See Teachers Insurance and Annuity Association of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986); *see also Ripley v. Mulroy*, 80 B.R. 17 (E.D.N.Y.1987). In addition, McSpedon asserts that an action against an officer for his own actions such as a tort is not stayed because of any right of indemnity from the debtor corporation. Lastly, McSpedon argues that bankruptcy courts have no power to decide common law actions and therefore they cannot interfere

with common law actions involving non-bankrupt co-defendants.

### B. North Star's Position

North Star states that the broad scope of the automatic stay provisions protects a debtor against all forms of creditor harassment and all efforts to collect pre-petition debts while the debtor attempts to formulate a plan of reorganization. North Star argues that McSpedon is trying to harass the corporation and collect the 2.5 million pre-petition debt by filing an action against North Star's president in state court. North Star relies on *In re Dembek*, 64 B.R. 745 (Bnkr.N.D.Ohio 1986) for the proposition that the stay can be applied to actions by creditors against non-debtors. In addition, North Star asserts that McSpedon's reliance on *Teachers* is misplaced.

### IV. *Standard of Review*

The district court acts as an appellate court when it reviews a decision by the bankruptcy court. The review is plenary. The district court must accept the findings of fact unless they are clearly erroneous. *See Manville Forest Products Corp–Gulf States Exploration Co. v. Manville Forest*, 896 F.2d 1384, 1388 (2d Cir.1990); *see also In re Lomas Financial Corp.*, 117 B.R. 64, 65 (S.D.N.Y.1990). Conclusions of law are reviewed de novo. *Id.*

### V. *Ruling*

I affirm Judge Schwartzberg's decision to enjoin and restrain McSpedon's state court action against Mr. Lovece and to declare that McSpedon's state court action is in violation of the automatic stay provisions of 11 U.S.C. § 362(a).

### A. A stay pursuant to § 362(a) can, under certain circumstances, apply to a non-bankrupt party.

 A § 362(a) stay generally applies only to bar proceedings against the debtor. *See Teachers*, 803 F.2d at 65; *Matter of S.I. Acquisition, Inc. v. Eastway Delivery*

*Service, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987). However, some courts have recognized that in circumstances where the debtor and the non-bankrupt party can be considered one entity or as having a unitary interest, a section 362(a)(1) stay may suspend an action against a non-bankrupt party. *See In re Lomas Financial Corp.*, 117 B.R. 64 (S.D.N.Y.1990); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).[1] In addition, courts have recently extended 11 U.S.C. § 362 to include certain types of actions by or against non-debtors when such actions have a significant impact on the bankrupt. *See, e.g., Crysen/Montenay Energy Co. v. Esselen Associates, Inc.*, 902 F.2d 1098, 1101–1104 (2d Cir.1990) (stay prevented oil supplier from suing a buyer when broker's bankruptcy trustee had a pending adversary proceeding against the buyer for missing oil); *MacArthur Company v. Johns–Manville Corporation*, 837 F.2d 89, 92–93 (2d Cir.1988) (Bankruptcy Court had authority to enjoin suits against bankrupt's insurers); *Matter of S.I. Acquisition Inc.*, 817 F.2d 1142, 1153 (5th Cir. 1987) (stay applies to prevent interrogatories addressed to officers of company affiliated with bankrupt debtor).

The issue of when a non-bankrupt party should benefit from a section 362(a)(1) stay has been considered most persuasively by the Fourth Circuit. The Fourth Circuit determined that a stay may be imposed against a non-bankrupt party under special circumstances: when an identity of interest exists between the debtor and third party non-debtor to the extent that the debtor is the real party defendant and that a judgment against the third party non-debtor will affect directly the debtor. *A.H. Robins Co., Inc.*, 788 F.2d at 999.

*Robins* and other courts have recognized that an identity of interest exists between a debtor and a third party non-debtor when a right to indemnification exists. These courts reason that a special circumstance

---

1. Courts pursuant to 11 U.S.C. § 105 also have extended the automatic stay under 11 U.S.C. § 362 to enjoin proceedings or actions by or against non-debtors where such actions would adversely affect the debtors' assets or estate.

*See In re Johns–Manville Corp.*, 33 B.R. 254, 263–64 (Bankr.S.D.N.Y.1983); *In re Johns–Manville Sales Corp.*, 26 B.R. 405, 410 (Bankr.S.D.N.Y.1983).

exists because a judgment against the non-debtor will affect directly the debtor's assets. *See, e.g., In re Lomas,* 117 B.R. 64 (S.D.N.Y.1990); *In re Seybolt v. Bio–Energy of Lincoln Inc.,* 38 B.R. 123 (D.Mass. 1984); *In re The Metal Center, Inc.,* 31 B.R. 458 (D.Conn.1983); *In re Brentano's Inc.,* 27 B.R. 90 (S.D.N.Y.1983). *But see, Cae Industries LTD., v. Aerospace Holdings Company,* 741 F.Supp. 388 (S.D.N.Y. 1990). (Although there exists closeness between debtor and co-defendants by reason of the latters' officer and agent status and their right to indemnification pursuant to debtor's by-law, automatic stay not imposed against co-defendants.).

*In re Lomas,* which is similar to the case before me, is instructive and persuasive. 117 B.R. 64 (S.D.N.Y.1990). In *In re Lomas,* Lomas filed a petition for reorganization under Chapter 11 in September of 1989. Thereafter, Northern Trust Company commenced an action against officers of Lomas. The complaint filed in the Northern Trust lawsuit alleged that Northern Trust and Lomas entered into a loan agreement on or about March 31, 1988; Lomas' officers, acting on behalf of Lomas, made negligent or fraudulent misrepresentations concerning Lomas' financial condition; and Northern Trust, relying upon those misrepresentations, advanced $20 million to Lomas, which Lomas has not repaid and is unable to repay. By order to show cause dated December 20, 1989, Lomas applied for an order pursuant to 11 U.S.C. § 362, or alternatively pursuant to 11 U.S.C. § 105, to enforce the automatic stay with respect to the Northern Trust lawsuit. Chief Judge Lifland granted Lomas' request for a preliminary injunction.

Judge Leisure affirmed Chief Judge Lifland and found that the preliminary injunction was justified. Judge Leisure found that the case satisfied the unusual circumstances standard set forth in the *Robins* opinion because Lomas' corporate charter contained an indemnification clause, obligating Lomas to indemnify its officers for all legal claims arising out of acts performed by them in their capacity as Lomas officers.

Less than three months prior to *In re Lomas,* Judge Motley of this court ruled on a case which also dealt with the scope of the automatic stay provisions. *See Cae Industries LTD., v. Aerospace Holdings Company,* 741 F.Supp. 388 (S.D.N.Y.1990). In *Cae Industries,* Judge Motley refused to extend the automatic stay to the debtor's former chairman. Judge Motley found that the application of the automatic stay to the debtor's former chairman was not warranted because the former chairman was allegedly independently liable to the creditor for tortious interference, and therefore the unusual circumstances standard articulated in *Robins* did not apply. In addition, the court found that the debtor's reorganization efforts would not be harmed significantly if the lawsuit against the debtor's former chairman went forward.

*Cae Industries* is distinguishable from the instant case for three reasons and therefore is not persuasive authority. First, evidence shows that North Star's reorganization efforts would be harmed if McSpedon's state lawsuit is allowed to proceed against Mr. Lovece. As the President of North Star, Mr. Lovece is a principal player in the corporation's reorganization process; he negotiates with the creditor's committee and formulates plans for reorganization. Second, Mr. Lovece has a right of indemnification with respect to North Star and thus any recovery by McSpedon in the state court action will adversely affect North Star's assets. Third, Judge Schwartzberg found that McSpedon does not have a bonafide separate cause of action against Mr. Lovece; Judge Schwartzberg interpreted the state court action to represent an action commenced solely to circumvent the automatic stay.

Judge Schwartzberg correctly recognized that an identity of interest exists between North Star and Mr. Lovece and that the state court action against Mr. Lovece significantly affects both the reorganization efforts and the assets of North Star.

SO ORDERED.