STEPHEN INVESTMENT SECURITIES, INC., Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 93–3426.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided June 20, 1994.

---

Thomas M. Blumenthal, St. Louis, MO, argued, for appellant.

Brian F. McNally, of the Securities and Exchange Commission, Washington, DC, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Stephen Investment Securities, Inc. (Stephen, Inc.) appeals the Securities and Exchange Commission's (SEC) order affirming a disciplinary action taken against Stephen, Inc. by the National Association of Securities Dealers, Inc. (NASD). Because substantial evidence in the record supports the SEC's order and the SEC's order does not violate the bankruptcy court's automatic stay, we affirm.

## I. BACKGROUND

In July 1986, an NASD arbitration panel held, among other determinations, that O.R. Securities, Inc. (ORS) was liable to Professional Planning Associates, Inc. (PPA) for a judgment of $81,998. ORS sought to vacate PPA's arbitration award in federal district court. The federal district court dismissed ORS's complaint, and the Eleventh Circuit affirmed. *O.R. Sec., Inc. v. Professional Planning Assoc., Inc.*, 857 F.2d 742, 749 (11th Cir.1988). After learning of the Eleventh Circuit's decision, ORS informed NASD that it would cease operations on November 4, 1988, because its liability for PPA's arbitration award created a net-capital deficiency. At that time, Luther Oliver was the control person at both ORS and Stephen, Inc.

Although ORS ceased operations, it continued to receive service and maintenance fees known as "trail commissions" from mutual funds (the Mutual Funds) managed by Putnam Financial Services, Inc. and Keystone Investor Resource Center, Inc. The trail commissions were based on the value of the shares held by ORS's customers in each of the Mutual Funds and took three forms: (1)

accounts assigned to Oliver personally, (2) ORS's "orphan accounts,"[1] or (3) ORS's "house accounts."[2] Once ORS ceased operation, its only source of income was from the trail commissions from the Mutual Funds. ORS, through Oliver, chose not to use the income from the trail commissions to satisfy PPA's judgment; rather, Oliver caused ORS to transfer the trail commissions to Stephen, Inc. *for no consideration.*

In July 1989, PPA filed a complaint before the NASD District Business Conduct Committee (DBCC) against Stephen, Inc. and ORS.[3] Both firms were charged in connection with the diversion of assets in violation of Article III, Section 1 of the NASD Rules of Fair Practice (NASD Rules). Section 1 states: "'A member, in the conduct of his business shall observe high standards of commercial honor and just and equitable principles of trade.'" SEC's Br. at 3 n. 2 (quoting *NASD Manual* (CCH) ¶ 2151 at 2014 (1993)). Meanwhile, in August 1989, Oliver sought bankruptcy relief for himself under Chapter 7 of the Bankruptcy Code.

In July 1991, DBCC found that both ORS and Stephen, Inc. were involved in the diversion of assets in violation of Article III, Section 1 of the NASD Rules. DBCC expelled both ORS and Stephen, Inc. from NASD membership and held Stephen, Inc. liable for the arbitration award to PPA. Specifically, DBCC ordered Stephen, Inc. to establish a trust account for the benefit of PPA, and to place in that account 80% of all trail commissions from the ORS house accounts and orphan accounts that ORS had transferred to Stephen, Inc.

Stephen, Inc. appealed DBCC's order to NASD's National Business Conduct Committee (National Committee). The National Committee affirmed DBCC's order and increased to 100% the amount of house and orphan trail commissions that were to be placed in trust for PPA. The National Committee exempted from its order those trail commissions generated by Oliver personally.

Stephen, Inc. sought review before the SEC and argued that the disciplinary proceedings were a thinly veiled attempt to reach the assets of Oliver in violation of the automatic stay in Oliver's pending bankruptcy proceeding. Oliver claimed that the house and orphan accounts had become his property before ORS had transferred them to Stephen, Inc. and thus were protected by the bankruptcy proceedings. The SEC affirmed NASD's conclusion that Stephen, Inc. violated Article III, Section 1 of the NASD Rules and rejected Oliver's claim that he owned the house and orphan accounts. The SEC also provided additional means by which PPA could satisfy its judgment. Stephen, Inc. timely appealed.

## II. DISCUSSION

This court has jurisdiction pursuant to 15 U.S.C. § 78y(b)(1) (Supp. III 1991). Stephen, Inc. raises two points for reversal: First, substantial evidence in the record does not support the SEC's order, and second, the SEC's order violates the bankruptcy court's automatic stay under 11 U.S.C. § 362 (1988). We disagree.

■■■ This court gives conclusive effect to the factual findings of the SEC if those findings are supported by substantial evidence. *Lowell H. Listrom & Co. v. SEC*, 803 F.2d 938, 941 (8th Cir.1986); *see* 15 U.S.C. § 78y(a)(4) (1988). This court reviews the SEC's interpretation of the Bankruptcy Code de novo. *Cf. Lowell H. Listrom*, 803 F.2d at 941 ("[I]nterpretation by the SEC of the intended coverage of [a securities statute] is a question of law which we may determine de novo."). We apply these standards to the facts.

---

1. "Orphan accounts" are accounts in which the registered representative who previously handled the account abandoned it, but the broker-dealer continued to receive commissions.

2. "House accounts" are accounts where there is no designated registered representative and the broker-dealer services the client's account.

3. Oliver also was named as a respondent by PPA, but the complaint against him was subsequently dismissed as a result of his bankruptcy filing.

■ The SEC determined that Stephen, Inc. violated Article III, Section 1 of the NASD Rules because it was involved in a diversion of funds that frustrated PPA's efforts to satisfy its arbitration judgment. Stephen, Inc. does not dispute that Oliver controlled both ORS and Stephen, Inc. and that ORS was liable to PPA for the arbitration award. Stephen, Inc.'s Br. at 1. Nevertheless, ORS transferred to Stephen, Inc., *for no consideration,* ORS's trail commissions. Those trail commissions were the only assets from which ORS could satisfy PPA's arbitration judgment.[4] Therefore, we conclude that substantial evidence supports the SEC's determination that Stephen, Inc.'s receipt of ORS's trail commissions—with full knowledge that the trail commissions were the only assets through which ORS could satisfy PPA's arbitration judgment—was a violation of Article III, Section 1 of the NASD Rules. *See Lowell H. Listrom,* 803 F.2d at 941. We have considered Stephen, Inc.'s other arguments on this issue and find them without merit.

■ Next, we determine whether the SEC's order against Stephen, Inc. violated the automatic stay provisions in connection with Oliver's bankruptcy. Title 11, § 362(a) states that:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation ... of a[n] ... administrative ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title;

. . . .

(3) any act to obtain possession of *property of the estate* or of property from the estate or to exercise control over property of the estate;

. . . .

(6) any act to collect, assess, or recover a claim *against the debtor* that arose before the commencement of the case under this title.

11 U.S.C. § 362(a) (1988) (emphases added). The SEC rejected Oliver's claim that he owned personally all of ORS's trail commissions. In support of that determination, the SEC pointed to (1) Oliver's independent contractor agreement with ORS, and (2) the fact that Oliver failed to list the trail commissions as assets in his debtor estate. Because the SEC's determination is supported by substantial evidence, it is conclusive. *See Lowell H. Listrom,* 803 F.2d at 941. Thus, the SEC's order does not implicate Oliver's property, and therefore the SEC's order does not violate the bankruptcy court's automatic stay on proceedings affecting Oliver's property. *See Edwards v. Armstrong World Indus., Inc.,* 6 F.3d 312, 316 (5th Cir.1993) ("[Section 362(a) ] limits the bankruptcy court to stays in only those proceedings in which the debtor or his or her property is in controversy."); *see also Croyden Assoc. v. Alleco, Inc.,* 969 F.2d 675, 677 (8th Cir.1992) (holding that § 362 automatic stay extends to claims against debtor but does not extend to non-bankrupt codefendants).[5]

We conclude that substantial evidence supports the SEC's order and that the order does not violate the bankruptcy court's automatic stay.

---

4. We reject, as did the SEC, Stephen, Inc.'s claim that the trail commissions would have been worthless when ORS ceased doing business. ORS could have transferred these trail commissions to PPA or sold them for their fair market value in order to satisfy PPA's arbitration judgment. Oliver admitted that the trail commissions resulted in between $20,000 and $40,000 revenue in 1990 alone. Stephen, Inc.'s App. at 99.

5. Some courts have acknowledged that under limited circumstances where an identity of interest exists between a debtor and a third party non-debtor, a bankruptcy court's automatic stay might also apply to property of the third party non-debtor. *See, e.g., A.H. Robins, Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986); *In re North Star Contracting Corp.,* 125 B.R. 368, 370–71 (S.D.N.Y.1991). Even if we were to acknowledge this limited exception, we would conclude that there is an insufficient identity of interest between Oliver and Stephen, Inc.

### III. CONCLUSION

For these reasons, we affirm the order of the SEC.