**UNITED STATES of America, Plaintiff,**

**v.**

**George G. DAVIS, Gerald E. Lee, James H. Gilliland, P. Takis Veliotis and General Dynamics Corporation, Defendants.**

No. 85 Civ. 6090 (EW).

United States District Court, S.D. New York.

Aug. 26, 1987.

**14.** 635 F.Supp. 660 (1986).

Dennison Young, Jr., Acting U.S. Atty., S.D.N.Y., New York City (Beth A. Kaswan, Randy Mastro, Asst. U.S. Attys., of counsel), for plaintiff.

Jenner & Block, Chicago, Ill. (Nicholas D. Chabraja, David C. Bohan, Susan B. Cohen, Carolyn S. Reed, of counsel), Gubman, Sitomer, Goldfaden & Edlitz, P.C., New York City (Robert I. Edlitz, Michael R. Klekman, of counsel), for defendant General Dynamics Corp.

## OPINION

EDWARD WEINFELD, District Judge.

In this action to recover monies paid by the United States government to the defendant General Dynamics Corporation, General Dynamics moves to dismiss several of the government's claims. The government cross moves for partial summary judgment.

1. Such subsidies are authorized under the construction-differential subsidy program enacted as Title V of the Merchant Marine Act of 1936, 46 U.S.C. § 1151, *et seq.*

2. *United States v. Veliotis, et al.,* 83 Cr. 551, aff'd, *United States v. Davis,* 767 F.2d 1025 (2d Cir.1985).

3. *See* Statement of General Dynamics Corporation Under Local Rule 3(g) and Fed.R.Civ.P. 56(f), at para. 6.

## BACKGROUND

The action arises from subsidies paid by the United States Maritime Administration ("MARAD") to General Dynamics for the construction of two new liquefied natural gas carriers.[1] The basis for the government's claims is that the estimates submitted by General Dynamics with its subsidy application contained inflated items for certain subcontracts because the subcontracts included payments made under an illegal kickback scheme.

The kickback arrangement has spawned a series of litigations and many of the facts regarding the scheme are not in dispute. The defendant Davis, formerly an officer of the subcontractor Frigitemp, was convicted of making fraudulent claims to the government under 18 U.S.C. § 287.[2] General Dynamics admits that the defendants Veliotis and Gilliland, former General Dynamics employees, took bribes from Frigitemp employees.[3] The main issue in this action is whether General Dynamics is liable for the acts and conduct of its faithless employees.[4]

The government alleges six claims for relief: two claims for statutory relief (Counts I & II); a contract claim (Count III); mistake of fact (Count IV); fraud (Count V); and unjust enrichment (Count VI). General Dynamics moves to dismiss Count III (contract claim) for failure to state a claim, Counts III through VI (contract claim, mistake of fact, fraud, and unjust enrichment) for failure to plead fraud with particularity, and Counts IV and VI (mistake of fact and unjust enrichment) as redundant. The government cross-moves for partial summary judgment on the issue of liability. The court hereby denies both motions.

4. General Dynamics denies that it is liable for the actions of its employees Gilliland and Veliotis, and denies that it awarded the subcontracts because of the kickback scheme, claiming instead it awarded the subcontract to Frigitemp because Frigitemp had done satisfactory subcontracting work for General Dynamics in the past. *See id.* at paras. 2 & 6.

## DISCUSSION

■ *Motion to dismiss for failure to state a claim.* Count III of the government's amended complaint alleges that, by providing MARAD with subcontract costs which were not commercially fair and reasonable, General Dynamics breached its contract with MARAD. General Dynamics moves to dismiss this count on the ground that it fails to state a claim. In General Dynamics' view, there can be no breach of contract for submitting inflated costs during the pre-contract negotiations because the estimates submitted by General Dynamics were not incorporated into any contractual term nor did the contract contain any covenant to provide fair and reasonable cost data.

MARAD subsidy contracts must be consistent with the enabling statute which authorizes their execution.[5] Under the enabling statute, MARAD can only pay fair and reasonable costs.[6] Submitting costs which are not fair or reasonable would therefore constitute a breach of the subsidy contract. General Dynamics' motion to dismiss Count III for failure to state a claim is denied.

*Motion to dismiss for failure to plead fraud with particularity.* Defendant General Dynamics also seeks to dismiss all of the government's claims, save Counts I & II, the claims for statutory relief, for failure to plead fraud with particularity.[7] General Dynamics claims that, although the government may have pleaded fraud by its employees Veliotis and Gilliland with the necessary particularity, the complaint does not provide "fair notice of the facts and circumstances underlying the claim that General Dynamics itself became a party to its employees' fraud." General Dynamics recognizes that the government claims the benefit of the doctrines of apparent authority and respondeat superior in proving its case, but argues that the "complaint alleges no facts supporting the applicability of those doctrines to this case." The court does not agree.

■ This court clearly set out the requirements for pleading fraud in *Crystal v. Foy*—for each defendant accused of fraud a "complaint must allege (1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may fairly be drawn."[8] While it is true that a complaint must allege fraud with the necessary particularity for each defendant,[9] where a complaint alleges fraud on the part of a corporation, that fraud occurs through the actions of the corporation's officers and employees. Under the doctrine of respondeat superior an employer can be held vicariously liable for damages caused by its employees when the employee was acting within the scope of employment.[10] An employee acts within the scope of employment when he or she furthers the employer's interest.

■ General Dynamics was in the shipbuilding business, a business involving subcontracting of certain work. Here the government has alleged that General Dynamics was engaged in building liquefied natural gas carriers,[11] that Veliotis and Gilliland worked at General Dynamics' Quincy shipyard facility,[12] and that they awarded the subcontract for work on the ships to Frigitemp in return for kickbacks.[13] Yet General Dynamics continues to argue that

5. *See Farrell Lines Inc. v. United States,* 204 Ct.Cl. 482, 499 F.2d 587, 602 (1974); *American Export Lines, Inc. v. United States,* 153 Ct.Cl. 201, 290 F.2d 925, 931 (1961).

6. 46 U.S.C. § 1152.

7. General Dynamics moves pursuant to Fed.R. Civ.P. 9(b).

8. 562 F.Supp. 422, 425 (S.D.N.Y.1983) (Weinfeld, J.).

9. *See DiVittorio v. Equidyne Extractive Indus.,* 822 F.2d 1242, 1247 (2d Cir.1987) ("Where mul-

tiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.")

10. *See Ira S. Bushey & Sons, Inc. v. United States,* 276 F.Supp. 518, 527 (E.D.N.Y.1967), *aff'd,* 398 F.2d 167 (2d Cir.1968).

11. *See* Amended Complaint at paras. 10 & 14.

12. *See id.* at paras. 7–8.

13. *See id.*

the complaint "has failed to allege any facts from which this Court could conclude that General Dynamics knew of the kickback scheme or the allegedly excessive costs estimates." In the light of these allegations, General Dynamics' argument that the complaint "has failed to allege any facts from which this Court could conclude that General Dynamics knew of the kickback scheme or the allegedly excessive costs estimates" is without substance. Moreover, the issue is not limited to actual knowledge but may extend to whether General Dynamics should have known of the acts and conduct of employees acting within the scope of their employment.[14]

A complaint must allege fraud with enough particularity to facilitate an adequate defense to the charges, to prevent damage to a defendant's reputation from unjustified claims of fraud, and to avoid the *in terrorem* force of claims brought for the sole purpose of increasing the settlement value of a lawsuit.[15] The purposes behind the pleading requirement establish limits on how much detail a complaint must provide. The government need only provide "a basis from which an inference of fraud may fairly be drawn."[16] Where, as here, the defendant clearly understands the basis for the charge and can adequately defend the claim, no more is required. In fact, General Dynamics itself set forth specific details of the illicit conduct and kickbacks of Veliotis and Gilliland in a lawsuit which it brought against its two former employees in Canada.[17] The court concludes that the government states a claim for fraud against General Dynamics with the requisite particularity and denies General Dynamics' motion to dismiss Counts III through VI under rule 9(b).

## MOTION TO STRIKE REDUNDANT CLAIMS

Defendant General Dynamics also moves to strike Counts IV and VI, the mistake of fact and unjust enrichment claims, as duplicative of the fraud claim.[18] The traditional elements of fraud at common law are misrepresentation of a material fact, falsity of that representation, scienter, reliance, and damages.[19] Upon a claim of mistake of fact, however, the government need not show scienter.[20] The government can cancel a contract upon discovering a unilateral mistake of fact.[21] To recover on a theory of unjust enrichment, plaintiff only has to show that there was enrichment of defendants, that the enrichment was at its expense, and that, under the circumstances, equity and good conscience dictate that the defendant is liable to the plaintiff.[22] Plaintiff's claims of mistake and unjust enrichment are therefore not redundant of the fraud claim.

## MOTION FOR SUMMARY JUDGMENT

The government also cross moves for summary judgment on the issue of liability. Although this is not the first action arising out of the events surrounding the contracts for the two new ships, and thousands of pages of paper have found their way into the courts in more than one country, there is yet at least one genuine issue of material fact remaining in this case. Defendant disputes that it is liable for the frauds committed by its employees and officers, even though there is no dispute that the employees and officers committed fraud. Whether General Dy-

---

**14.** *See Mishkin v. Peat, Marwick, Mitchell & Co.,* 658 F.Supp. 271, 273 (S.D.N.Y.1987) ("where a defendant owes a duty to a victim of fraud, recklessness satisfies the scienter requirement").

**15.** *Avnet v. American Motorists Insurance Co.,* 115 F.R.D. 588, 590–91 (S.D.N.Y.1987).

**16.** *Crystal v. Foy,* 562 F.Supp. at 425.

**17.** Statement of Claim, *General Dynamics Corp. v. Veliotis,* No. 9853/83, at 2–3 (Supreme Court of Ontario, Canada Sept. 14, 1983).

**18.** *See* Fed.R.Civ.P. 12(f).

**19.** *See Mallis v. Bankers Trust Co.,* 615 F.2d 68, 80 (2d Cir.1980), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981).

**20.** *See Stern v. Satra Corp.,* 539 F.2d 1305, 1308 (2d Cir.1976).

**21.** *See Chemung County v. Dole,* 781 F.2d 963, 972 (2d Cir.1986).

**22.** *See Dolmetta v. Uintah National Corp.,* 712 F.2d 15, 20 (2d Cir.1983).

namics is liable for the frauds of Veliotis and Gilliland is a question of fact. Accordingly, the government's motion for summary judgment is premature.

So ordered.