In re Panayiotis T. VELIOTIS, Alleged Debtor.

GENERAL DYNAMICS CORPORATION, Movant,

v.

Panayiotis T. VELIOTIS, Respondent.

Bankruptcy No. 87–03044–BKC–JJB. Motion No. 01.

United States Bankruptcy Court, E.D. Missouri, E.D.

Nov. 9, 1987.

Fred Dana, Asst. U.S. Atty., St. Louis, Mo., Ellen B. Silverman, Asst. U.S. Atty., S.D.N.Y., New York City, Larry Reed, St. Louis, Mo., David M. Greenwald, Chicago, Ill., for General Dynamics.

John Gross, Anderson, Russell, Kill & Olick, New York City, for alleged debtor.

Steven Goldstein, St. Louis, Mo., for trustee of Frigitemp.

## MEMORANDUM OPINION AND ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the motion of General Dynamics, Corp. (an entity holding a claim against the Alleged Debtor) to clarify the extent of the automatic stay. This memorandum is entered after a consideration of the record as a whole, including the arguments presented at the hearing on November 5, 1987. Bankruptcy Court jurisdiction is based upon 28 U.S.C. §§ 1334, 151 and 157, and Local Rule 29 of the Rules of the United States District Court for the Eastern District of Missouri.

The Movant asserts that it is a creditor of the Alleged Debtor by virtue of a Canadian judgment obtained within minutes before the single-creditor Involuntary Petition was filed in this case by the United States of America.[1] The Movant is also a co-defendant with the Alleged Debtor and others in a non-bankruptcy lawsuit in the Southern District of New York, in which the United States is the Plaintiff. General Dynamics has asked the Bankruptcy Court to determine that the automatic stay of Section 362 of Title 11 of the United States Code operates to prevent the United States, as Plaintiff, from continuing the non-bankruptcy action against it as Defendant. The United States has argued that it does not intend to continue the non-bankruptcy action against the Alleged Debtor without first obtaining relief from the automatic stay. It does intend, however, to continue the action against non-debtors including General Dynamics. Several pre-trial motions involving the non-debtor Defendants are set to be heard in the non-bankruptcy case before the United States District Court in the Southern District of New York on Tuesday, November 10, 1987.

The Government's non-bankruptcy lawsuit is based upon an alleged kickback scheme between officers of General Dynamics and officers of Frigitemp Corporation.[2] The second amended multi-count complaint includes a request for judgment based upon commonlaw mistake, fraud, unjust enrichment and breach of contract. A Government motion for leave to file a third amended complaint is pending before the Honorable Edward Weinfeld, United States District Court, Southern District of New York.

---

1. The United States does not agree that the judgment was entered prior to the filing of this petition.

2. Frigitemp is a Debtor in a Chapter XI case commenced on March 20, 1978. The Frigitemp Trustee has filed a civil action against the Alleged Debtor and others. The Trustee's motion for relief from the stay has been set for hearing on November 16, 1987 in this involuntary proceeding.

■ Generally, the automatic stay of Section 362 operates for the protection of the Debtor, the Debtor's assets and the assets of the Bankruptcy estate. *In Re Casgul of Nevada, Inc.*, 22 B.R. 65 (BAP 9th Cir.1982). It generally does not extend to non-Debtor entities. *In re Kalispell Feed & Grain Supply, Inc.*, 55 B.R. 627 (Bankr.Mont.1985); *Aboussie Brothers Construction Co.*, 8 B.R. 302 (E.D.Mo. 1982).

Certain limited exceptions to these general principals exist by operation of law and as a result of judicial extensions of 11 U.S.C. § 105. Congress has extended the automatic stay protections in Chapter 12 and Chapter 13 cases to non-debtor individuals who are liable with the Debtor upon consumer debts. *See* 11 U.S.C. § 1201 and 1301. These statutory exceptions, however, do not exist in a Chapter 7 case. Although an order for relief has not been entered in this involuntary proceeding, the single Petitioning Creditor has requested that the matter proceed under Chapter 7.[3] For purposes of this Motion, the case is being considered as a liquidating Chapter 7 case.

■ In very narrow circumstances, the courts have determined that certain actions against a non-debtor third party are stayed either automatically by the operation of Section 362 or by imposition of a "special" stay pursuant to 11 U.S.C. § 105. The stay operates automatically in a non-bankruptcy lawsuit when a judgment against a non-debtor defendant is in effect a judgment against the debtor, and, therefore, a claim against the estate. *A.H. Robins, Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). In these situations, the Debtor is determined to be the real party in interest either by way of indemnification or other immediate operation of law.

■ The Court has concluded that these narrow circumstances have not been shown to exist in the Government's lawsuit in this case. This conclusion is not intended to be a final determination of any allegation or theory of liability relied upon by the Government in the non-bankruptcy lawsuit. It is clear that there is a mixed question of law and fact as to whether any liability on behalf of General Dynamics is derivative of any liability on behalf of the Alleged Debtor, or whether any liability of General Dynamics may be separate from and independent of any liability of the Alleged Debtor. See *U.S. v. Davis*, 666 F.Supp. 641, 644 (S.D.N.Y.1987). These questions in all likelihood will not be answered until the non-bankruptcy lawsuit in the Southern District of New York is finally resolved.

Therefore, the record before the Bankruptcy Court at this time does not provide a basis upon which to conclude that a judgment against General Dynamics will in effect be a judgment against the Alleged Debtor, and the stay of Section 362 does not operate to prevent the Government from proceeding against Defendants other than the Alleged Debtor in a non-Bankruptcy forum.

■ General Dynamics argues next that the Bankruptcy Court should impose a special stay or injunction to stop the Government's non-bankruptcy lawsuit. The Bankruptcy Court has authority under Section 105[4] which is broader than the automatic stay provisions of Section 362. *In re Baldwin–United Corporation Litigation*, 765 F.2d 343, 346 (2nd Cir.1985); *Johns–Manville Corp. v. Asbestos Litigation Group*, 40 B.R. 219, 226 (S.D.N.Y.1984). This authority includes the power to enjoin a party from continuing a non-Bankruptcy action against a non-debtor. See, *Willi Ford v. Armstrong World Industries,*

---

**3.** At the Petitioning Creditor's request, an Alias Summons has been issued establishing the answer date as November 24, 1987. This date has since been extended to December 4, 1987.

**4.** 11 U.S.C. § 105(a) reads as follows:
"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent any abuse of process."

*Inc.*, 715 F.2d 124, 127 (4th Cir.1983); *Teachers Insurance and Annuity Association of American v. Butler*, 803 F.2d 61, 65 (2nd Cir.1986).

■ Although the appropriateness of such injunctive relief in a Chapter 7 liquidation case is not incomprehensible, the theory and intent of the special stay is realized when applied in aid of reorganization of a Chapter 11 Debtor or Debtor–In–Possession.

The case before the Court is not a Chapter 11 Reorganization case. The Alleged Debtor is not the moving party in this request for a special stay and has not indicated his support of or opposition to such Court action. The record here does not support a finding that continuation of the non-bankruptcy lawsuit against non-debtors will adversely affect or irreparably harm the Alleged Debtor or this estate. Furthermore, it has not been established that imposition of a special stay under Section 105 would benefit the Debtor or this estate. Finally, the equities in this matter require that the Bankruptcy Court not interfere with the orderly prosecution of a non-bankruptcy action in which substantial pre-trial proceedings have occurred.

IT IS ORDERED that this hearing be concluded; and that the request of General Dynamics Corporation to determine that the automatic stay of 11 U.S.C. § 362 operates to prevent the United States of America, as Plaintiff from continuing prosecution of an action in the United States District Court for the Southern District of New York against General Dynamics and other non-Debtor parties is denied.

IT IS FURTHER ORDERED that the request of General Dynamics Corporation to impose a special stay or other injunctive relief pursuant to 11 U.S.C. § 105 to prevent continuation of the non-bankruptcy action on behalf of the United States of America against non-Debtor parties is denied; and

That nothing in this Memorandum Opinion and Order is intended to condition, annul, terminate or otherwise affect the automatic stay of Section 362 as it applies to the Alleged Debtor, the Alleged Debtor's assets or the assets of this Bankruptcy estate, without further order of the Court.