**In re BIDERMANN INDUSTRIES U.S.A., INC., f/k/a Blackstone, Inc., et al., Debtors.**

**BIDERMANN INDUSTRIES U.S.A., INC., Debtor–Plaintiff,**

v.

**Michel ZELNIK, Defendant.**

Bankruptcy Nos. 95 B 43098–43099 (TLB), 95 B 43101–43114 (TLB).
Adv. No. 96–8191A (SMB).

United States Bankruptcy Court, S.D. New York.

Oct. 4, 1996.

Marks & Murase L.L.P. (Michael Z. Brownstein, Jeffrey A. Feit, of Counsel), New York City, for Debtor–Plaintiff.

Stevens & Lee (Richard E. Fehling, Robert Lapowsky, Ronald P. Kalyan, of Counsel), Reading, PA, for Debtor–Plaintiff.

Seward & Kissel (Eugene P. Souther, Mark J. Hyland, Robert B. O'Connor, of Counsel), New York City, for Defendant.

Otterbourg, Steindler, Houston & Rosen, P.C., Richard J. Rubin, New York City, for the Official Committee of Unsecured Creditors.

Kirkpatrick & Lockhart L.L.P., Eugene R. Licker, William O. Purcell, New York City, for Maurice Bidermann.

## EXTRACT OF BENCH MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STUART M. BERNSTEIN, Bankruptcy Judge.

The debtor commenced this adversary proceeding to enjoin the defendant from continuing to prosecute a state court tort action against Maurice Bidermann, the debtor's chairman, and a declaration that certain proceedings previously taken in state court are void. The defendant answered, and has now moved, in the alternative, to dismiss the complaint, or for summary judgment. The debtor's opposition memorandum states that it intends to withdraw, without prejudice, its request for a section 105(a) injunction, and opposes the defendant's motion on the ground that the continuation of the state court action against Mr. Bidermann, a non-debtor, is void because it violated the automatic stay.

The Official Committee of Unsecured Creditors and Mr. Bidermann have submitted memoranda in opposition to the defendant's motion. The Committee repeats the debtor's arguments. Mr. Bidermann contends that the state court default judgment lacks preclusive effect on his indemnification claim, an academic point since the issue is not presently before me. Neither has moved to intervene in this adversary proceeding pursuant to Rule 24 of the Federal Rules of Civil Procedure, made applicable by Federal Bankruptcy Rule 7024, and hence, both lack standing.

Having considered the submissions of the parties, I conclude that the defendant is entitled to summary judgment.

## FACTS

Given the issues before me, there are no disputed material facts. The defendant formerly served as the debtor's president and chief executive officer pursuant to a four year employment contract commencing on or about January 1, 1993 and terminating on December 31, 1997.[1] The debtor, however, terminated his employment, charging gross misconduct and material breach of contract, on June 5, 1995.

On June 16, 1995, and prior to the commencement of this case, the defendant sued the debtor and Mr. Bidermann in state court. He sought damages from the debtor for breach of his employment contract and from Mr. Bidermann, alleging defamation. The debtor filed this case on July 17, 1995, staying the breach of contract claim, but the defendant continued to prosecute his defamation claim against Mr. Bidermann. Mr. Bidermann failed to appear, and on September 19, 1995, the state court entered a default judgment against Mr. Bidermann, and ordered an inquest.

On or about October 30, 1995, the defendant filed a Note of Issue for the purpose of placing the inquest on the state court's trial calendar. He served the Note of Issue on Mr. Bidermann at his home address and at his business address at the debtor. On November 10, 1995, and prior to the inquest, the debtor's co-counsel wrote to the defendant's lawyer, opining that the continuation of the action against Mr. Bidermann violated the automatic stay. Five days later, the defendant's lawyer responded that it did not, providing the citation for numerous authorities that supported this position.

On January 19, 1996, the defendant served notice on Mr. Bidermann, at both his residence and business addresses, that the state court had scheduled an inquest for February 5, 1996. Mr. Bidermann defaulted again. On February 13, 1996, the second and final day of the inquest, the state court determined that the defendant had been damaged in the total sum of $3,338,400.00, broken down as follows: $2,988,400.00 in lost earnings, $250,000.00 for pain and suffering, and $100,000.00 in punitive damages. The defendant served a notice of settlement and proposed order directing the entry of judgment on February 16, 1996. The settlement date was February 21, 1996.

The pending entry of judgment stirred the debtor to action. It commenced this adversary proceeding on February 21, 1996, and immediately sought a temporary restraining order preventing the continuation of the proceedings against Mr. Bidermann. Judge Brozman, to whom the proceeding was assigned, denied the emergency motion, *inter alia,* based upon the debtor's failure to show that the defendant had violated the automatic stay by suing Mr. Bidermann in his individual capacity for an intentional tort where the same relief was not sought against the debtor.

The state court subsequently entered a judgment in the sum of $3,353,388.84—which includes costs and interest—on March 1, 1996. On March 15, 1996, Mr. Bidermann finally appeared in the state court proceeding and moved to vacate the default judgment. The defendant opposed that motion which is *sub judice.* Mr. Bidermann also filed a proof of claim in this case on April 24, 1996, in the liquidated sum of $3,338,400.00, plus interest and attorneys' fees. His claim is based upon the indemnification provisions of the Delaware corporation law and the debtor's by-

---

1. Section 16 of the contract states that New York law governs.

laws, and on a claim that the debtor acted negligently in failing to protect his interests in the state court action.

## DISCUSSION

The issue presented is a narrow one: under what circumstances, if any, does the litigation stay contained in 11 U.S.C. § 362(a)(1) apply automatically to stay actions against non-debtors, i.e., without the need to obtain a court order extending the stay? While the courts have sometimes collapsed the related but nevertheless distinct questions of whether the automatic stay applies automatically and whether it should be extended by court order, I conclude that section 362(a)(1) does not apply automatically to stay actions against non-debtors. The debtor must obtain a stay order from the bankruptcy court, and until it does, the action against the non-debtor may proceed. I further conclude that even if section 362(a)(1) did apply automatically in "unusual circumstances" to actions against non-debtors, it would not stay the defendant's state court action against Mr. Bidermann. Accordingly, the state court proceedings against Mr. Bidermann are not void.

 We may take as common ground that under the litigation stay contained in 11 U.S.C. § 362(a)(1), the automatic stay prevents the commencement or continuation of proceedings against the debtor. As a general proposition, the automatic stay is limited to the debtor, and does not apply to actions against non-debtor third parties. E.g., Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir.1986); American Film Technologies, Inc. v. Taritero (In re American Film Technologies, Inc.), 175 B.R. 847, 850 (Bankr.D.Del.1994); CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 32 (S.D.N.Y.1990). In A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), the Fourth Circuit Court of Appeals stated that in "unusual circumstances," the automatic stay extends to actions against third parties. Id. at 999. Relying on this language, some courts have concluded that the litigation stay contained in 11 U.S.C. § 362(a)(1) applies to third parties automati-

cally, i.e., without the need to procure a court order. E.g., North Star Contracting Corp. v. McSpedon (In re North Star Contracting Corp.), 125 B.R. 368, 370 (S.D.N.Y.1991); Maxicare Health Plans, Inc. v. Centinela Mammoth Hosp. (In re Family Health Servs., Inc.), 105 B.R. 937, 942–43 (Bankr. C.D.Cal.1989); General Dynamics Corp. v. Veliotis (In re Veliotis), 79 B.R. 846, 848 (Bankr.E.D.Mo.1987).

As I discussed at length in a slightly different context in Goldin v. Primavera Familienstiftung (In re Granite Partners, L.P.), 194 B.R. 318, 337–38 (Bankr.S.D.N.Y.1996), neither A.H. Robins Co. nor Johns–Manville Corp. v. Asbestos Litig. Group (In re Johns–Manville Corp.), 26 B.R. 420 (Bankr. S.D.N.Y.1983), aff'd in part, 40 B.R. 219 (S.D.N.Y.), rev'd in part on other grounds, 41 B.R. 926 (S.D.N.Y.1984), upon which Robins relied, supports the automatic extension of section 362(a)(1) to an action against the debtor's officers and directors. Indeed the Robins court refused to go that far, observing, instead, that section 362(a)(1) stays actions against the debtor and "arguably against" certain non-debtors. A.H. Robins Co., 788 F.2d at 1001. Moreover, the Robins court ultimately upheld the award of injunctive relief under traditional preliminary injunction standards and not through the automatic extension of section 362(a)(1), nunc pro tunc, to the date of the petition. See id. at 1008–09.

At least one circuit has explicitly rejected Robins' "unusual circumstances" exception, see O'Malley Lumber Co. v. Lockard (In re Lockard), 884 F.2d 1171, 1179 (9th Cir.1989), and the Second Circuit implicitly rejected it in Teachers Ins. & Annuity Ass'n, 803 F.2d at 65. The plaintiff in that action sued a partnership and its three partners for breach of contract. After the New York district court entered judgment for the plaintiff, the defendants filed an appeal, the partnership filed a bankruptcy in California, and the partnership and the partners moved to stay the Second Circuit appeal, arguing that its continuation violated the automatic stay.

The Second Circuit held that although the automatic stay applied to the appeal by the debtor partnership, it did not apply to the

appeal by the non-debtor partners. The Court first stated the rule that the automatic stay is limited to debtors and does not reach non-debtors. *Id.* It cited substantial authority for this proposition, and cited *Robins* as contrary authority.[2] *Id.* The Second Circuit observed that chapter 11, unlike chapter 13, contained no provision extending protection to non-debtors jointly liable with the debtor[3], *id.; accord Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121 (4th Cir.1988), and concluded that "[o]ur examination therefore is limited to the question of whether pursuant to its general equity powers under 11 U.S.C. § 105, the bankruptcy court properly extended the automatic stay to the non-bankrupt general partners." *Teachers Ins. & Annuity Ass'n,* 803 F.2d at 65.

■ In this regard, and with rare exception, the cases which the debtor cites are injunction cases in which the court extended the automatic stay, relying on section 105(a), following a determination that the debtor would suffer some cognizable prejudice if the injunction did not issue. *See, e.g., Lomas Fin. Corp. v. Northern Trust Co. (In re Lomas Fin. Corp.),* 117 B.R. 64, 66–68 (S.D.N.Y.1990); *In re American Film Technologies,* 175 B.R. at 855; *Eastern Air Lines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.),* 111 B.R. 423, 432 (Bankr.S.D.N.Y. 1990), *aff'd in part & rev'd in part on other grounds,* 124 B.R. 635 (S.D.N.Y.1991); *see First Nat'l Bank v. Kanawha Trace Dev. Partners (In re Kanawha Trace Dev. Partners ),* 87 B.R. 892, 896–97 (Bankr.E.D.Va. 1988) (extending the stay to a guarantor under section 362(a)(1) but imposing conditions on the extended stay). *Circle K Corp. v. Marks (In re Circle K Corp.),* 121 B.R. 257, 261 (Bankr.D.Ariz.1990), which the debtor also cites, involved the property stay under 11 U.S.C. § 362(a)(3) rather than the litigation stay under section 362(a)(1). The former stays actions which interfere with

property of the estate, and is not concerned with whether the debtor is a party to a litigation. *See, e.g., 48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.),* 835 F.2d 427 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). Further, the *Circle K* court decided, in the alternative, that the debtor was entitled to an injunction under section 105(a). *In re Circle K. Corp.,* 121 B.R. at 262.

■ Accordingly, when the defendant proceeded against Mr. Bidermann, he did not violate the automatic stay, and he was not subject to any separate stay order. That the debtor might have procured such an order, by making the showing it now purports to make, is legally irrelevant. *B & B Assocs. v. Fonner,* 700 F.Supp. 7, 9 (S.D.N.Y.1988). Consequently, the state court judgment against Mr. Bidermann is not void, and the defendant is entitled to summary judgment.

Alternatively, even if section 362(a)(1) automatically extended to third party actions in "unusual circumstances," this is not one of those cases. At the outset, Judge Brozman decided this question against the debtor when she denied its application for a temporary restraining order. She specifically ruled that the state court proceedings against Mr. Bidermann did not violate the automatic stay. Neither party has discussed whether this constitutes the "law of the case". *See Crown Zellerbach Corp. v. Goldsmith,* 609 F.Supp. 187, 189 (S.D.N.Y.1985) (reasons for denying temporary restraining order are "law of the case," and support denial of subsequent application for a temporary restraining order). Consequently, I will consider the matter *de novo.*

■ Under *Robins,* "unusual circumstances" exist where there is such an identity of interest between the debtor and the non-debtor defendant that the debtor is the true,

---

**2.** The Second Circuit introduced its citation to *Robins* with the signal *"But cf."* This signal indicates that the "[c]ited authority *supports a proposition analogous to the contrary* of the main proposition." *The Bluebook: A Uniform System of Citation* ¶ 1.2(c), at 23 (Editors of the Columbia Law Review, *et al.* eds., 15th ed. 1991) (emphasis in original).

**3.** Section 1301(a), applicable to chapter 13 cases, stays, with certain exceptions, a creditor from "commenc[ing] or continu[ing] any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor...." 11 U.S.C. § 1301(a).

real party in interest, and a judgment against the third party will, in effect, be a judgment or a finding against the debtor. *A.H. Robins Co.*, 788 F.2d at 999. Subsequent Fourth Circuit cases have characterized the *Robins* exception as a narrow one. *See Winters v. George Mason Bank*, 94 F.3d 130, 134 (4th Cir.1996); *Credit Alliance v. Williams*, 851 F.2d at 121. The case law indicates that "unusual circumstances" exist where the claim clearly arises out of the defendant's actions in his capacity as the debtor's officer, and he is undisputedly entitled to indemnity. *In re Lomas Fin. Corp.*, 117 B.R. at 68. Conversely, unusual circumstances do not exist where the debtor's insider is independently liable, the right to indemnity is not absolute, and the continuation of the suit will not interfere with the bankruptcy. *CAE Indus. Ltd.*, 116 B.R. at 33–34; *Aetna Casualty & Sur. Co. v. Namrod Dev. Corp.*, 140 B.R. 56, 60 (S.D.N.Y.1992).

*CAE Industries* is instructive. The plaintiff sued Paul Bilzerian, the former chairman, CEO and director of the Singer Company, a chapter 11 debtor. The plaintiff alleged that Bilzerian tortiously interfered with its contractual rights both during and after his stint with Singer. The district court declined to extend the Singer stay to Bilzerian. First, the claim against Bilzerian rested on an independent breach of duty, for which Bilzerian was jointly, and hence independently, liable with Singer. *CAE Indus. Ltd.*, 116 B.R. at 33. Second, unlike bankruptcies such as *Robins* and *Johns–Manville* in which debtors faced thousands of lawsuits that would deplete their insurance and interfere with the work of their key people, the *CAE Industries* lawsuit was an isolated event, did not affect property of the estate, and Bilzerian did not have an absolute right to indemnity. *Id.* at 33–34.

▉ The facts presented are analogous to those in *CAE Industries*. First, the defendant's lawsuit does not interfere with the reorganization. Mr. Bidermann apparently resides in France, and does not participate in the day to day management of the debtor. Second, there is no danger of binding the debtor through a judgment against Mr. Bidermann. This is not a situation in which

the corporate insider committed a tort, such as fraud, in connection with a business transaction involving the debtor and a third party, and the corporation's liability arises from its relationship to the wrongdoer. Instead, the defendant sued Mr. Bidermann for defamation, and the debtor for breach of contract. The claims are different, and depend on different operative facts. That the defendant offered proof of his contract damages to prove his tort damages is immaterial. The measure of damages for breach of contract and defamation is different. *Compare Cornell v. T.V. Dev. Corp.*, 17 N.Y.2d 69, 74, 215 N.E.2d 349, 351–52, 268 N.Y.S.2d 29, 33 (1966) (employee's measure of damages for breach of an employment contract is the wages payable over the remainder of the term reduced by the income he subsequently earned, will earn or could earn with reasonable diligence during the unexpired term) *with* RESTATEMENT (Second) of TORTS §§ 621–23 (1977) (victim of defamation may recover for actual harm to reputation, special damages, such as loss of employment, emotional stress, and bodily harm and punitive damages). The defendant's contract damages were not before the state court and nothing the state court did precludes the debtor from litigating that issue here. In addition, the defendant recovered $250,000.00 for pain and suffering and $100,000.00 in punitive damages. These amounts are purely tort damages, and absent an independent tort, a party aggrieved by a breach of contract cannot recover punitive damages, *Halpin v. Prudential Ins. Co.*, 48 N.Y.2d 906, 907, 401 N.E.2d 171, 171, 425 N.Y.S.2d 48, 49 (1979), or damages for mental pain and suffering. *Wehringer v. Standard Sec. Life Ins. Co.*, 57 N.Y.2d 757, 759, 440 N.E.2d 1331, 1332, 454 N.Y.S.2d 984, 984 (1982).

Finally, Mr. Bidermann's assertion of an indemnification claim does not justify extending the stay. Under section 145 of the Delaware corporation law and the debtor's bylaws, the debtor must indemnify Mr. Bidermann if he was sued because he is an officer, director or agent of the debtor, and he acted in good faith and in a manner that he reasonably believed to be in the best interests of the debtor. The right to indemnity is not absolute, and Mr. Bidermann must ultimately

demonstrate his entitlement to indemnity under the criteria set forth in the statute and the by-laws. This weighs against extending the stay. *CAE Indus. Ltd.*, 116 B.R. at 33. Moreover, decisions like *Robins* represent a policy choice that prefers co-defendants of the estate over creditors of those co-defendants. *Hart Holding Co. v. Drexel Burnham Lambert, Inc.*, Civ.A. No. 11514, 1991 WL 236228 at *5 (Del.Ch.Ct. Nov. 7, 1991). No policy of which I am aware allows a corporate insider to commit an intentional tort against a third party, and escape responsibility by asserting a disputed indemnity claim. Rather, the risk and uncertainty of indemnity is something he, not his victim, should have to bear. *Id.*

Based on the foregoing, no "unusual circumstances" exist that would warrant the extension of the automatic stay to the state court action against Mr. Bidermann. I conclude, therefore, upon this separate and independent ground, that the state court judgment is not void, and that the defendant is entitled to summary judgment. Settle judgment on notice.

SO ORDERED.