932 A.2d 815

Jose ALVAREZ, et al.

v.

Cynthia BATESON, et al.

No. 750, Sept. Term, 2006.

Court of Special Appeals of Maryland.

Sept. 13, 2007.

Daniel A. Katz, on brief, Silver Spring, for appellants.

Cynthia Bateson, Dean Bateson, on brief, Laurel, for appellees.

Panel EYLER, JAMES R., SHARER and WOODWARD, JJ.

WOODWARD, J.

The instant appeal calls upon this Court to decide, for the first time, whether a Maryland trial court can grant a stay of a judicial proceeding, under the automatic stay provision of 11 U.S.C. § 362, as to a non-bankrupt co-defendant of a debtor without a prior order granting such a stay from the bankruptcy court administering the debtor's estate. We hold that the trial court cannot.

Appellants, Jose Alvarez, Ramon Jimenez, Augustin Lemus, Anselmo Reyes, Lucio Rivera, and Arnoldo Salgado obtained judgments in the Circuit Court for Montgomery County against Bateson Construction, Inc. ("Bateson Construction") and appellees, Cynthia and Dean Bateson, jointly and severally, for unpaid regular and overtime wages. Appellants then transmitted their judgments to the Circuit Court for Howard County for the purpose of executing on real property solely owned by Cynthia Bateson. The circuit court granted a writ of execution on Cynthia Bateson's property. Thereafter, a

Suggestion of Bankruptcy was filed because Bateson Construction had previously filed for protection under the federal bankruptcy laws.[1] The circuit court granted a stay of all proceedings as to Bateson Construction, but not as to appellees. Appellees then filed a motion to vacate the writ of execution and to stay all proceedings as to them. The circuit court granted appellee's motion.

Appellants timely noted this appeal and present one question for our review, which we have slightly rephrased:

Did the circuit court err in applying the bankruptcy stay, 11 U.S.C. § 362, to appellees, who are not in bankruptcy proceedings?[2]

For the reasons set forth herein, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

## BACKGROUND

On March 23, 2005, appellants filed a complaint in the Circuit Court for Montgomery County against Bateson Construction and appellees, individually, in order to recover unpaid regular and overtime wages pursuant to the Maryland Wage and Hour Law,[3] the Maryland Wage Payment and Collection Law,[4] and the Fair Labor Standards Act (FLSA).[5] On December 20, 2005, appellants filed a motion for summary judgment. No response was filed by Bateson Construction or appellees. In an Order and Judgment filed January 18, 2006,

---

1. Bateson Construction filed for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 701, *et seq.*

2. Appellees in the instant appeal are Cynthia and Dean Bateson only. Appellants stated in their brief that the circuit court was correct in staying the proceedings as to Bateson Construction.

3. Md.Code (1991, 1999 Repl.Vol.), §§ 3–401 to 3–431 of the Labor and Employment Article.

4. Md.Code (1991, 1999 Repl.Vol.), §§ 3–501 to 3–509 of the Labor and Employment Article.

5. 29 U.S.C. § 201 *et seq.*

the Circuit Court for Montgomery County granted appellants' motion for summary judgment and entered judgments against Bateson Construction and appellees, jointly and severally.[6]

On February 13, 2006, appellants filed a Request for Transmittal of the judgments to the Circuit Court for Howard County, and on March 10, 2006, the judgments were recorded in Howard County. On March 10, 2006, appellants also filed in the Circuit Court for Howard County a Request for Writ of Execution on Real Property owned solely by Cynthia Bateson in order to "satisfy the amount due" on the judgments obtained in Montgomery County.[7] On March 21, 2006, the circuit court issued an Order Directing Issuance of Writ of Execution on Real Property, and the writ was thereafter served by the Sheriff.

Appellees and Bateson Construction filed a Suggestion of Bankruptcy in the Circuit Court for Howard County on March 27, 2006. Therein, it was stated that on July 6, 2005, Bateson Construction had filed a petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code and, pursuant to 11 U.S.C. § 362, the bankruptcy petition "operate[d] as a stay of any further proceedings in *th[e] instant action* until the United States Bankruptcy Court for the District of Maryland grants relief from the stay, the case is closed, or the case is dismissed." On March 29, 2006, appellants filed an opposition to the Suggestion of Bankruptcy, asserting that "[t]he stay pursuant to 11 U.S.C. § 362[ ] only operates as a stay to [ ] Bateson Construction." Thus, appellants claimed, "pro-

---

**6.** In particular, judgments were entered against Bateson Construction and appellees, jointly and severally, in favor of Jose Alvarez for $13,512.00, Ramon Jimenez for $9,571.00, Augustin Lemus for $9,008.00, Anselmo Reyes for $8,445.00, Lucio Rivera for $8,874.00, and Arnoldo Salgado for $15,084.00. Appellants were also awarded attorney's fees in the amount of $7,340.00 and court costs in the amount of $242.50. The total amount of the judgments was $72,076.50.

**7.** The sum of the judgments awarded in Montgomery County was $72,076.50. In the writ, appellants also claimed post-judgment interest at 10% per annum, through March 10, 2006, totaling $1,007.10, as well as court costs of $55.00, for a total amount of $73,138.60.

ceedings as to [appellees], . . . including the Writ of Execution as to real property held in the name of Cynthia Bateson alone, should proceed." In an Order dated March 31, 2006, the Circuit Court for Howard County stayed the proceedings as to Bateson Construction, but not as to appellees.

On April 13, 2006, appellees filed a motion to vacate the writ of execution and to stay the proceedings against them. In their motion, appellees argued that the case should have been stayed both as to Bateson Construction *and* as to appellees, individually. Appellants filed an opposition, contending that the stay of proceedings as to appellees was not supported by law and thus the court should keep the stay in effect as to Bateson Construction only. By Order dated April 25, 2006, the Circuit Court for Howard County granted appellees' motion, vacating the writ of execution and staying "the entire proceeding." Appellants filed a timely Notice of Appeal to this Court.

## DISCUSSION

Appellants maintain that the Circuit Court for Howard County "erred when it extended the 11 U.S.C. § 362 bankruptcy stay to [appellees]." Appellants argue that the automatic stay of section 362(a)(1) is limited to debtors only and does not extend to non-bankrupt co-defendants. Thus, appellants reason, because only Bateson Construction filed for protection under Chapter 7 of the Bankruptcy Code and Chapter 7 "contains no provision to protect non-debtors who are jointly liable on a debt with the debtor," the proceeding should not have been stayed as to appellees. Further, appellants point out that, although the case of *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), recognized that "unusual circumstances" may exist to justify a stay of proceedings against a non-bankrupt co-defendant, no "unusual circumstances" exist in the instant case, because appellees and Bateson Construction are jointly and severally liable to appellants on the judgments.

Appellees have not filed a brief in the instant appeal. However, in their Motion to Vacate Order Granting Writ of Execution filed in circuit court, appellees contended that, pursuant to *A.H. Robins Co.,* "unusual circumstances" existed from which the circuit court could properly stay the proceedings against them, as non-bankrupt co-defendants. In particular, appellees argued that, because the Articles of Incorporation of Bateson Construction provide for absolute indemnity of appellees from any judgment arising out of their having been an officer or director of Bateson Construction, "any judgment obtained against [appellees] would be imputed to the debtor, Bateson Construction." Thus, appellees reasoned, the automatic stay contained in section 362 of the Bankruptcy Code "clearly applies to both Bateson Construction, [ ] (the debtor in the pending Chapter 7 proceeding) as well as [appellees]."

As a general rule, under 11 U.S.C. § 362(a), an automatic stay will apply to halt any judicial proceeding against a defendant who has filed a petition for protection under Title 11 of the Bankruptcy Act. In *A.H. Robins Co.,* the United States Court of Appeals for the Fourth Circuit set forth the purpose of the automatic stay:

> The purpose of this section by its various subsections is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.

788 F.2d at 998.

The automatic stay, however, is generally not available to non-bankrupt co-defendants [8] and applies only to bar pro-

---

8. The phrase "non-bankrupt co-defendants" includes "sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the [ ] debtor." *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1196 (6th Cir.1983).

ceedings against the debtor. *See, e.g., S.I. Acquisition, Inc., v. Eastway Delivery Serv. Inc. (In re S.I. Acquisition),* 817 F.2d 1142, 1147 (5th Cir.1987); *A.H. Robins Co.,* 788 F.2d at 999; *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1196 (6th Cir.1983); *Williford v. Armstrong World Indus., Inc.,* 715 F.2d 124, 126–27 (4th Cir.1983); *C.H. Robinson Co. v. Paris & Sons, Inc.,* 180 F.Supp.2d 1002, 1009 (N.D.Iowa 2001).

In *Lynch,* the United States Court of Appeals for the Sixth Circuit explained in detail why non-bankrupt co-defendants are not generally covered by the automatic stay:

> **The legislative history of § 362 discloses a congressional intent to stay proceedings against the debtor, and no other, to preserve the status quo of the estate in an effort to ultimately effect and implement, to the extent possible, a successful and equitable reorganization or liquidation.** The Notes of the Committee on the Judiciary identify the debtor as the intended primary congressional beneficiary of the stay:
>
>> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> The stay of proceedings was intended to promote an orderly reorganization or liquidation of the debtor's estate thereby benefitting, secondarily, creditors of the estate:
>
>> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A

race of diligence by creditors for the debtor's assets prevents that.

Nothing in the legislative history counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, such as the debtor's co-defendants, rather than the debtor or its creditors. **This Court concurs with the district court's conclusion that it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor and creditors thereof.**

710 F.2d at 1197 (emphasis added) (internal citations and quotations omitted) (footnote omitted).

These principles were recognized in Maryland in the case of *Collier v. Eagle–Picher Indus., Inc.,* 86 Md.App. 38, 585 A.2d 256, *cert. denied,* 323 Md. 33, 591 A.2d 249 (1991). Writing for this Court, then Chief Judge Alan Wilner stated:

Title 11 U.S.C. § 362(a) provides, in relevant part and with certain exceptions not applicable here, that the filing of a petition under Chapter 11 of the Bankruptcy Act operates as a stay of judicial proceedings pending against the debtor when the petition was filed. . . . It is universally acknowledged, however, that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, *co-obligors,* or others with a similar legal or factual nexus to the Chapter 11 debtor.

In conformance with this principle, **it is well established that an automatic stay under § 362 does not usually affect a State court's ability to proceed with either a trial or an appeal involving a debtor's co-defendants, so long as the proceeding is stayed as to the debtor.**

*Id.* at 47–48, 585 A.2d 256 (emphasis added) (internal citations and quotations omitted).

Nevertheless, in *A.H. Robins Co.,* the Fourth Circuit recognized a narrow exception to the general rule that the automatic stay provision is applicable only to debtors, holding that if "unusual circumstances" exist, the automatic stay can be

extended to cover non-bankrupt co-defendants. 788 F.2d at 999.[9] The court reasoned:

> [T]here are cases [under 362(a)(1)] where a bankruptcy court may properly stay the proceedings against non-bankrupt co-defendants but, . . . in order for relief for such non-bankrupt defendants to be available under (a)(1), there must be unusual circumstances and certainly [s]omething more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties. This unusual situation, it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute.

*Id.* (alteration in original) (internal quotations omitted). The United States District Court for the District of Maryland described the "unusual circumstances" exception in *Gee v. Lucky Realty Homes, Inc.*, 210 F.Supp.2d 732, 736 n. 7 (D.Md.2002) (quoting *A.H. Robins Co.*, 788 F.2d at 999), as the " 'unusual situation' in which the debtor's identity is intertwined with that of the non-debtor—such as, for example, a non-debtor entitled to absolute indemnity from the debtor." [10]

---

**9.** The Ninth Circuit has explicitly rejected the "unusual circumstances" exception set forth in *A.H. Robins Co. See O'Malley Lumber Co. v. Lockard (In re Lockard)*, 884 F.2d 1171, 1179 (9th Cir.1989). The Second Circuit has implicitly rejected it. *See Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2nd Cir.1986).

**10.** Other courts have identified a second situation giving rise to "unusual circumstances;" that is, "when the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan irreparable harm." *In re Fernstrom*

Although the court in *A.H. Robins Co.* held that the automatic bankruptcy stay was available to non-bankrupt co-defendants in certain "unusual circumstances," it never answered the procedural issue of how and where non-bankrupt co-defendants must proceed in order to obtain the automatic stay already provided for the debtor. In other words, what is the appropriate court to grant such a stay and who is the proper party to make such a request?

In *Collier*, we alluded to this procedural question, but did not decide it. *Collier* involved eight plaintiffs suing three defendants to recover for injuries resulting from the plaintiffs' exposure to asbestos-containing products. 86 Md.App. at 42, 585 A.2d 256. After appeals were noted from the trial court's reduction of the verdicts pursuant to the Uniform Contribution Among Tort–Feasors Act, now codified at Md.Code (1974, 2006 Repl. Vol), §§ 3–1401 to 3–1409 of the Courts and Judicial Proceedings Article, two of the three defendant-appellees filed for protection under Chapter 11 of the Bankruptcy Code. *Collier*, 86 Md.App. at 47, 585 A.2d 256. This Court then stayed the appeals as to the debtor-appellees. *Id.* The remaining non-bankrupt appellee, however, sought to extend the automatic stay to the appeal against it. *Id.*

In denying the request to stay the appeal against the non-bankrupt appellee, we first observed that " 'there are instances where a *bankruptcy court* may properly stay proceedings against non-bankrupt co-defendants.' " *Id.* at 48, 585 A.2d 256. (quoting *In re Johns–Manville Corp.*, 26 B.R. 405, 410 (Bankr. S.D.N.Y.1983) (emphasis in *Collier*)). In *Collier*, however, no stay had been entered by a bankruptcy court that prevented this Court from proceeding against the non-bankrupt appellee. *Id.* at 49, 585 A.2d 256. Second, we noted as a significant fact that neither of the debtor-appellees had asked this Court to stay the appeal against the non-bankrupt appellee "by reason of their respective bankruptcies." *Id.* The request for a stay came only from the non-bankrupt appellee. *Id.* Finally, we

*Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir.1991) (internal quotations omitted); *see also Collier*, 86 Md.App. at 49, 585 A.2d 256.

determined, on the merits, that the "unusual circumstances" exception of *A.H. Robins Co.* did not apply because the judgments, from which the appeals were taken, were entered against the debtor-appellees and non-bankrupt appellee jointly and severally, and consequently, "nothing we may do in this appeal can or will increase the judgments entered against [the debtor-appellees] or require them to pay anything more than they are now obligated to pay." *Id.* at 50, 585 A.2d 256.

Case law outside of Maryland gives us guidance in resolving the procedural issue raised in the case *sub judice.*

In *C.H. Robinson Co.*, the United States District Court for the Northern District of Iowa determined that "the Eighth Circuit Court of Appeals would agree with those courts that read *A.H. Robins Co.* to require that the debtor affirmatively move the bankruptcy court to extend the automatic stay to actions involving non-bankrupt codefendants." 180 F.Supp.2d at 1015. The court reasoned:

> The holding of *A.H. Robins Co.* and the legislative history of the automatic stay provision support this conclusion. First, the *A.H. Robins Co.* court did not decide whether extensions of bankruptcy stays to non-debtor codefendants were automatic; instead, the court *ruled that the district court did not commit an abuse of discretion in granting the injunction*.... The court looked to sections 362(a)(1), 362(a)(3), and 105(a) in reaching this conclusion and held that this case implicated each of these sections. Each section, in turn, empowered the bankruptcy court to enjoin suits against the bankrupt or its assets and property. Because the debtor brought an adversary proceeding seeking to enjoin the continuation of the actions against its codefendants, the court was not asked to decide the appropriate procedure to invoke such an extension. The court merely decided that the Bankruptcy Code authorized the bankruptcy court to stay proceedings pending against non-bankrupt defendants when the debtor is a real party in interest to the action.

*   *   *

Second, the legislative history of section 362(a)(1) supports this court[']s conclusion. The United States Bankruptcy Court for the Northern District of California accurately described this history . . .:

The legislative history notes that the stay protects creditors from the injustice of a race for the debtor's assets[ ].... And it serves to protect the debtor: The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*Id.* at 1015–16 (internal citations and quotations omitted).

Indeed, in those instances where courts have dealt with this procedural issue, the weight of authority holds that, in order for an automatic stay pursuant to section 362 to be applied to a non-bankrupt co-defendant, the debtor must request and obtain a stay from the bankruptcy court where the current action is pending. *See, e.g., 555 M Mfg., Inc. v. Calvin Klein, Inc.,* 13 F.Supp.2d 719, 722 (N.D.Ill.1998) (finding that a non-bankrupt co-defendant was not entitled to the grant of an automatic stay pursuant to section 362 based on, *inter alia,* the fact that the debtor did not request the stay and the bankruptcy court did not grant one); *In re Richard B. Vance and Co.,* 289 B.R. 692, 697 (Bankr.C.D.Ill.2003) ("Even where unusual circumstances exist, extension of the stay to nonbankrupt parties is not automatic and must be requested affirmatively by the debtor."); *Bidermann Indus. U.S.A., Inc. v. Zelnik (In re Bidermann Indus. U.S.A., Inc.),* 200 B.R. 779, 782 (Bankr.S.D.N.Y.1996) (stating that "section 362(a)(1) does not apply automatically to stay actions against non-debtors. The debtor must obtain a stay order from the bankruptcy court, and until it does, the action against the non-debtor may proceed."); *All Seasons Resorts, Inc. v. Milner (In re All Seasons Resorts, Inc.),* 79 B.R. 901, 903–904 (Bankr.C.D.Cal. 1987) (holding that the extension of the automatic stay pursu-

ant to section 362 does not occur automatically, rather, "[a] court must make that determination upon the request of the debtor" through "the filing of an adversary proceeding" with the appropriate bankruptcy court).

The premise underlying the holdings in these cases is that the stay provided for in section 362 applies automatically to debtors, but not to non-bankrupt co-defendants. *See In re Richard B. Vance and Co.*, 289 B.R. at 697; *See Bidermann Indus. U.S.A., Inc.*, 200 B.R. at 782; *All Seasons Resorts, Inc.*, 79 B.R. at 904.[11] Consequently, no affirmative act is required on the part of a debtor to obtain a section 362 stay. *C.H. Robinson Co.*, 180 F.Supp.2d at 1012. On the other hand, a court must make a determination as to whether the automatic stay extends to cover a non-bankrupt codefendant of the debtor. It follows that each determination should be made by the bankruptcy court supervising the debtor's estate upon request of the debtor, because it is the debtor's interests that are being protected by the stay. Indeed, bankruptcy courts have held that the affirmative request by the debtor to extend the section 362 stay must be made in the bankruptcy proceedings only by way of an adversary complaint. *See, e.g., In re Richard B. Vance and Co.*, 289 B.R. at 697.

The case of *Metro Bulletins Corp. v. Soboleski*, 30 Conn. App. 493, 620 A.2d 1314 (1993), is particularly apposite to the case *sub judice*. In *Soboleski*, Metro Bulletins Corp. ("Metro") brought a breach of contract action against Louis Soboleski, who was president of Bridgeside Pontiac, Inc. ("Bridgeside"), for billboard advertising provided by Metro to Bridgeside. *Id.* at 1315. One week after suit was filed, Bridgeside filed a Chapter 11 bankruptcy petition. *Id.* at

---

11. Some courts have concluded that the section 362 automatic stay applies to third parties automatically, without the need for the debtor to procure a court order. *See, e.g., North Star Contracting Corp. v. McSpedon (In re North Star Contracting Corp.)*, 125 B.R. 368, 370–71 (S.D.N.Y. 1991); *Maxicare Health Plans, Inc. v. Centinela Mammoth Hosp. (In re Family Health Servs.)*, 105 B.R. 937, 942–43 (Bankr.C.D.Cal.1989); *Gen. Dynamics Corp. v. Veliotis (In re Veliotis)*, 79 B.R. 846, 848 (Bankr.E.D.Mo.1987).

1316. Soboleski then filed a motion to stay the proceedings as to him due to Bridgeside's Chapter 11 bankruptcy. *Id.* The trial court denied the motion and ultimately entered judgment against Soboleski. *Id.*

On appeal to the Connecticut intermediate appellate court, the court first considered the "threshold question of whether the automatic stay provision of the federal bankruptcy law, 11 U.S.C. § 362, [was] available to [Soboleski]," who was a nondebtor. *Id.* (footnote omitted). Soboleski claimed the benefit of the stay, because a judgment against him was, in effect, a judgment against the debtor Bridgeside. *Id.* at 1317. Instead of addressing the merits of Soboleski's argument, the court stated that "we must determine the procedure by which the nondebtor may obtain a stay." *Id.*

The Court first cited to the "weight of the case law" that an extension of the stay must be obtained in the bankruptcy court. *Id.* at 1317.[12] The court observed that no action had been taken to extend the automatic stay to Soboleski in the bankruptcy court. *Id.* The court then stated:

We believe that the cases requiring filing of the motion for an extension of the stay in the bankruptcy court represent the better reasoning. This is because [i]t is fundamental under federal bankruptcy law that the automatic stay operates for the benefit of the debtor and trustee only, and gives other parties interested in property affected by the automatic stay no substantive or procedural rights. Only the bankruptcy court has the entire picture before it. It would be difficult, if not impossible, for a state trial court, which

---

12. The court actually stated that the "weight of the case law indicates that a nondebtor, seeking to extend the stay beyond the debtor, must move for the extension in the bankruptcy court." *Metro Bulletins Corp.,* 620 A.2d at 1317. Although we agree that the majority of the cases require the extension of the stay to be granted by the bankruptcy court, those cases also require that the debtor, not the nondebtor, apply for the extension. *See, e.g., C.H. Robinson Co.,* 180 F.Supp.2d at 1015; *555 M Mfg., Inc.,* 13 F.Supp.2d at 722; *Bidermann Indus. U.S.A., Inc.* 200 B.R. at 782.

has only the immediate case before it, to determine the best interests of the bankruptcy estate.

*Id.* (alteration in original) (internal citation and quotations omitted). Accordingly, the court affirmed the trial court's denial of Soboleski's motion to stay. *Id.*

Consistent with the aforementioned authority, we believe that the bankruptcy court is the proper forum for determining whether the automatic stay provision of 11 U.S.C. § 362 should be extended to a non-bankrupt co-defendant under the "unusual circumstances" exception of A.H. Robins Co. The bankruptcy court has the responsibility of supervising the administration of the debtor's estate for the benefit of the debtor and creditors. The purpose of the automatic stay is to facilitate that administration by precluding the prosecution of claims against the debtor or the debtor's estate in courts other than the bankruptcy court, unless permitted to do so by the bankruptcy court or by statute. As a result, the bankruptcy court is in the best position to assess the impact of litigation against a non-bankrupt co-defendant on the debtor's estate. Moreover, the bankruptcy court has the experience and expertise to determine, in a consistent manner, whether the "unusual circumstances" exception of *A.H. Robins Co.* should apply to a given factual setting.

We recognize that the Court of Appeals has held that the Maryland trial courts have jurisdiction "to determine, at least in the first instance, whether and how a matter properly pending before it is affected by a § 362 stay." *Klass v. Klass,* 377 Md. 13, 20, 831 A.2d 1067 (2003). In the usual case, the Maryland trial court's determination of this issue begins with the fact that the debtor-defendant has filed for protection of the bankruptcy laws, thereby invoking the automatic stay provision of section 362. As we have stated, however, a section 362 stay is not automatic as to a non-bankrupt co-defendant and thus a court must decide whether or not to extend the stay to such co-defendant. We believe that, as a matter of proper procedure, the bankruptcy court should decide who is covered by the stay before a Maryland trial court "determine[s] whether, factually or legally, a stay is in

effect and whether a particular action it is about to take or has already taken is subject to such a stay." *Id.* at 20, 831 A.2d 1067.

■ Therefore, we hold that a trial court in Maryland cannot grant a stay of a judicial proceeding, under the automatic stay provision of 11 U.S.C. § 362, as to a non-bankrupt co-defendant of a debtor without a prior order granting such a stay from the bankruptcy court administering the debtor's estate.

Turning to the case *sub judice*, the only party to file for protection in the bankruptcy court was Bateson Construction on July 6, 2005. Thus Bateson Construction was the only debtor in the proceedings before the circuit court. Applying our holding to the instant case, it is clear that Bateson Construction, as the debtor, was the only party that could have filed for an extension of the section 362 stay to appellees. Moreover, such a stay could only be granted by the bankruptcy court administering Bateson Construction's estate. There is nothing in the record to indicate that Bateson Construction ever sought and obtained from the bankruptcy court an extension of the stay to appellees. Accordingly, we must reverse the April 25, 2006 Order of the Circuit Court for Howard County and remand this case for further proceedings consistent with this opinion.[13]

**JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEES.**

---

**13.** We express no opinion regarding the merits of whether, in the case *sub judice,* appellees qualify for an extension of the automatic stay provision under the "unusual circumstances" exception of *A.H. Robins Co.*